**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4270**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID GRANT, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:17-cr-00726-DCN-1)

Submitted:  November 27, 2019                    Decided:  December 11, 2019

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John Robert Haley, J. ROBERT HALEY LAW OFFICE, North Charleston, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Emily Evans Limehouse, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Grant, Jr., entered a conditional guilty plea to possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2012), reserving the right to appeal the denial of his motion to suppress evidence seized following execution of a search warrant. On appeal, Grant argues that the search warrant was invalid because the affidavit supporting the warrant application referred to an incorrect address and thus violated the Fourth Amendment's particularity requirement. We agree with the district court that this technical error did not invalidate the search warrant.

The Fourth Amendment provides, in pertinent part, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The requirement for particularity "ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). The particularity requirement is satisfied when an officer in possession of a search warrant describing a particular place to be searched can reasonably ascertain and identify the place intended to be searched. *United States v. Owens*, 848 F.2d 462, 463 (4th Cir. 1988). An erroneous description or a factual mistake in the search warrant will not necessarily invalidate the warrant and the subsequent search. *Id*. at 463-64. Even if the description of the place to be searched is mistaken, there is no Fourth Amendment violation when the officers executing the search reasonably believe that the warrant is sufficiently particular and that they are searching the correct location. *Garrison*, 480 U.S. at 84-89.

2

In this case, it was clear to the officers that they were to search Grant's residence. Although the affidavit in support of the search warrant application twice inadvertently mentioned an incorrect address, the correct address was also used twice in the affidavit. And, more importantly, the search warrant included only the correct address. The warrant clearly concerned the illegal activities of a particular individual, Grant, and the officers knew that Grant resided at the address identified in the search warrant. Moreover, Grant admitted to a detective that he was dealing drugs at his residence and that there was packaged heroin in the bedroom. Upon searching the residence, the officers found the drugs in the location described by Grant. In these circumstances, the technical errors in the search warrant affidavit did not invalidate the warrant or require suppression of the evidence seized when the warrant was executed. We therefore conclude that the district court properly denied Grant's suppression motion.

For these reasons, we affirm Grant's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*